UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUBI GONZALEZ,

    Plaintiff,

  v.

PHOENIX PROCESSOR LTD. PARTNERSHIP, et al.

    Defendants.

NO. C04-0813C

ORDER

This matter comes before the Court on Plaintiff's Motion for Order Reinstating Maintenance and Cure (Dkt. No. 18). The Court has carefully reviewed the materials submitted by the parties and hereby finds and rules as follows:

On August 11, 2001, while employed aboard the F/V OCEAN PHOENIX, Plaintiff slipped on a ladder and injured his right knee. Subsequently, Plaintiff underwent knee surgeries in October 2001 and February 2002. Plaintiff received maintenance and cure through June 2002, at which time Plaintiff's attending physician, Dr. Paramjeet Gill, released Plaintiff for full work duties. (Dkt. No. 20, p. 9.) Plaintiff received unemployment benefits for a period of time and then was hired by an apartment cleaning company.

Although Dr. Gill concluded Plaintiff was "at his full recovery," Plaintiff continued to complain of knee pain. In October 2002, December 2003, and July 2004, Plaintiff sought authorization from Defendants to undergo additional evaluations and possible treatment, but Defendants denied his requests. In March 2005, Plaintiff consulted Dr. Peter Kinahan. Dr. Kinahan concluded Plaintiff's current knee

ORDER – 1

problems are related to his August 11, 2001 injury and recommended repeat arthroscopy.

The purpose of maintenance and cure is to provide an ill or injured seaman with food, lodging and necessary medical care to both enable and facilitate his maximum possible recovery. See Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 527 (1938). The obligation to provide cure exists at least until the seaman's condition is determined either to be permanent or to have reached maximum medical cure. Vella v. Ford Motor Co., 421 U.S. 1, 5 (1975). Any doubt as to attainment of maximum medical cure must be resolved in favor of the seaman and in favor of payment of maintenance and cure. Vaughan v. Atkinson, 369 U.S. 527, 532 (1962).

In the present case, it is undisputed Plaintiff was employed by Defendants in August 2001 when the injury occurred. In deciding to discontinue maintenance and cure, Defendants relied on Dr. Gill's medical diagnosis, completed on June 21, 2002, that Plaintiff was at his "full recovery." Plaintiff contends that he did not reach maximum medical cure in June 2002 because he continued to have knee pain and because Dr. Kinahan recommended further surgery. It is Defendants' position that they have paid Plaintiff all maintenance and cure he is entitled to and that Plaintiff's subsequent knee problems had no relation to those injuries sustained on Defendants' vessel.

Plaintiff consulted Dr. Kinahan in March 2005, after the close of discovery. Thus, Defendants have not had an opportunity to depose either Dr. Kinahan or Dr. Gill regarding their diagnoses of Plaintiff. Accordingly, the Court hereby extends the discovery deadline to July 8, 2005 for the sole purpose of completing depositions of these two physicians. The current motion is RE-NOTED for July 29, 2005. Parties are granted leave to file supplemental briefings with the Court prior to this date.

SO ORDERED this _10th_ day of June, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 2