UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUBI GONZALEZ,

    Plaintiff,

  v.

PHOENIX PROCESSOR LIMITED PARTNERSHIP, et al.,

    Defendants.

CASE NO. C04-813C

ORDER

This matter comes before the Court on Plaintiff Rubi Gonzalez's Motion for Order Reinstating Maintenance and Cure (Dkt. No. 18). The Court has carefully considered the papers submitted by the parties and hereby finds and rules as follows:

I. BACKGROUND

On August 11, 2001, while employed aboard the F/V OCEAN PHOENIX, Plaintiff slipped on a ladder and tore his anterior cruciate ligament. In October 2001 and February 2002, Dr. Paramjeet Gill operated on Plaintiff's knee to repair this injury. Defendants paid maintenance and cure until June 2002, when Dr. Gill concluded that Plaintiff was "at his full recovery" and released him for full work duties.

In October 2002, Plaintiff requested that Defendants authorize additional tests of his injured knee, but Defendants denied this request. Plaintiff returned to Dr. Gill in November 2003 complaining of knee

ORDER – 1

pain. Dr. Gill noted Plaintiff had pain on deep flexion, which suggests a meniscal tear, and recommended that Plaintiff undergo an MRI. Defendants denied Plaintiff's request to complete this examination, and in April 2004, Plaintiff filed the current action alleging that Defendants wrongfully withheld maintenance and cure. In July 2004, Plaintiff again requested authorization for an MRI, and Defendants again refused the request.

In March 2005, Plaintiff consulted Dr. Peter Kinahan, who completed an MRI on Plaintiff's knee. This test revealed that Plaintiff has damage to either his meniscal tissue or his joint surfaces. Dr. Kinahan recommended that Plaintiff undergo arthroscopic surgery to address this condition, .

II. ANALYSIS

An employer's obligation to provide maintenance and cure lasts until it is determined that the seaman has reached maximum cure. *Vella v. Ford Motor Co.*, 421 U.S. 1, 5 (1975). Maximum cure occurs when the condition is permanent or will not improve with additional medical treatment. *Id.* In determining whether a seaman has reached maximum medical cure, an employer may rely on the opinion of the seaman's treating physician, but the employer must also consider subsequent medical evidence that additional treatment may be beneficial. *Johnson v. Marlin Drilling Co.*, 893 F.2d 77 (5th Cir. 1990). Additionally, any ambiguities or doubts as to a seaman's attainment of maximum medical cure must be resolved in favor of the seaman and in favor of payment of maintenance and cure. *Vaughan v. Atkinson*, 369 U.S. 527, 532 (1962).

Resolving ambiguities in favor of Plaintiff, the Court finds that Plaintiff did not reach maximum medical cure in June 2002. Although Dr. Gill stated that Plaintiff was "at his full recovery" in June 2002, the recent testimony of Drs. Gill and Kinahan suggests that Plaintiff's current condition is a result, at least in part, of his August 2001 injury. Both doctors agree that Plaintiff's current knee condition is related to the softening of cartilage that Dr. Gill observed in the February 2002 surgery, and that arthroscopic surgery will address this problem. Defendants were under an obligation to take these findings into consideration in determining whether further payment of maintenance and cure was warranted, yet they

ORDER – 2

1  failed to do so.

2  Accordingly, the Court hereby GRANTS Plaintiff's motion.  Defendants shall reinstate payment
3  of maintenance and cure and authorize the arthroscopic knee surgery prescribed by Dr. Kinahan.

5  SO ORDERED this  9th  day of August, 2005.

```
                                    _____
                                    UNITED STATES DISTRICT JUDGE
```

26  ORDER – 3